**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-02069-SHL-tmp |
| | ) | |
| JOHN DOE, subscriber assigned | ) | |
| IP Address 73.2.207.96, | ) | |
| Defendant. | ) | |

**ORDER GRANTING LEAVE TO SERVE A THIRD-PARTY SUBPOENA
PRIOR TO A RULE 26(f) CONFERENCE**

Plaintiff Strike 3 Holdings, LLC, is a frequent litigant. In this district alone, it has filed dozens of cases over the course of two and a half years, and each case is the same. Strike 3 files a copyright infringement claim against John Doe for allegedly downloading and distributing its adult movies without permission. It then files a motion seeking to subpoena Doe's internet service provider ("ISP") so that it can identify him by his IP address. (See, e.g., ECF No. 8–9.) The motion is almost always granted with conditions imposed to "counteract a risk" that Strike 3 "would coerce a settlement" against Doe "by threatening to unmask him." See Strike 3 Holdings, LLC v. Doe, No. 24-cv-02069, 2024 WL 1941695, at *2 (W.D. Tenn. May 2, 2024). Then, Strike 3 files a notice of voluntary dismissal. The parties do not litigate the merits of the claims, and "the Court lacks any opportunity to determine whether the third-party subpoena procedures are fairly implemented and effective to protect the privacy interests of defendants identified by their ISPs." Strike 3 Holdings, LLC v. Doe, No. 24-cv-01517, 2024 WL 4503658, at *1 (D. Conn. Oct. 16, 2024).

Presumably, Strike 3 intends to follow the same pattern here. But this pattern "is suggestive of coercive settlement practices" that this Court must guard against.[1] Strike 3 Holdings, LLC v. Doe, No. 18-CV-1945, 2019 WL 1122984, at *3 (D. Conn. Mar. 12, 2019). While Strike 3 has a legitimate need to obtain the identity of John Doe to protect its copyright, there is also a need to protect Doe from the potential for "abusive litigation practices." See id. at *3–4. Thus, this Court, like many of the courts who have previously decided this issue, **GRANTS** Strike 3's motion subject to the restrictions outlined below.[2]

## ANALYSIS

A party must obtain a court order to seek discovery before a scheduling conference. Fed. R. Civ. P. 26(d)(1). But courts often allow early discovery in copyright infringement cases where the identity of the infringer is unknown. See, e.g., Strike 3, 2024 WL 1941695, at *1; Strike 3 Holdings, LLC v. Doe, No. 19-cv-11299, 2019 WL 2265171, at *1 (E.D. Mich. May 28, 2019); Strike 3 Holdings, LLC v. Doe, No. 24-cv-235, 2024 WL 4453398, at *1 (S.D. Ohio Sep. 13, 2024). To determine whether early discovery is appropriate in a copyright infringement case, the court looks to (1) the strength of the plaintiff's prima facie claim of actionable harm; (2) the "specificity of the discovery request"; (3) "the absence of alternative means to obtain the subpoenaed information"; (4) the "need for the subpoenaed information to advance the claim";

---

[1] Strike 3 asserts that its "goal is not to embarrass anyone or force anyone to settle unwillingly, especially anyone that is innocent"—indeed, it is "proud" of its films, and it does "not want anyone to be humiliated by them." (ECF No. 9-2 ¶ 34.) But the risk of coercion exists even if Strike 3 acts in good faith.

[2] On April 2, while this motion was pending before the Court, Strike 3 filed an Ex-Parte Application for Extension of Time Within Which to Effectuate Service on John Doe Defendant. (ECF No. 10.) It requests a sixty-day extension of the deadline for service from April 23 to June 22. (Id. at PageID 59–60.) For good cause shown, the motion for extension of time is **GRANTED**. Strike 3 shall effectuate service on John Doe by June 22, 2026.

and (5) the defendant's "expectation of privacy."  Strike 3, 2024 WL 1941695, at *1–2 (quoting

Arista Recs., LLC v. Doe, 604 F.3d 110, 119 (2d Cir. 2010)).  These factors weigh in favor of

granting relief here.

Strike 3 has shown good cause for obtaining early discovery—it cannot serve its own

complaint and prosecute its copyright infringement claim without early discovery, and it has

pleaded a strong case for infringement.  To show infringement, Strike 3 must prove "(1)

ownership of a valid copyright, and (2) copying of constituent elements of the work that are

original."  Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  Here, it alleges

that it owns the works at issue and that each work is "an original work of authorship."  (ECF No.

1 ¶ 52.)  Strike 3 also states that Defendant, without consent, "copied and distributed the

constituent elements of Strike 3's Works using the BitTorrent protocol."  (Id. ¶ 53.)  These

allegations are sufficient to state a claim for relief.

Strike 3's discovery request is also specifically tailored to identify Doe so that it can

prosecute this case.  (ECF No. 9 at PageID 28.)  The subpoena only requests "the true name and

address of the Defendant."  (Id.)  Without this information, Strike 3 would have no way of

identifying Doe and no way of advancing its claim.  See Strike 3, 2024 WL 1941695, at *2.

Website operators can only identify users by an IP address, and the user behind an IP address can

only be identified by the ISP that assigned it to him.  (ECF Nos. 9 at PageID 28–29; 9-1 ¶ 28.)

While good cause exists for allowing early discovery here, Doe's interest in being free

from unnecessary embarrassment and coercive litigation practices must be protected.  It is true

that "computer users do not have a legitimate expectation of privacy in their subscriber

information."  Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001).  Indeed, computer users like Doe

have already conveyed their subscriber information to another person—namely, their ISP.  See

3

id.  But this Court, like many of the courts that have addressed Strike 3's requests for early

discovery, recognizes that this litigation could cause Doe "unnecessary embarrassment,"

especially if he is not the proper party.  See Strike 3, 2024 WL 1941695, at *2 (citing Strike 3

Holdings, LLC v. Doe, 329 F.R.D. 518, 522 (S.D.N.Y. 2019) (finding a protective order

necessary "in light of the substantial risk for false positive identifications that could result in

'annoyance, embarrassment, oppression, or undue burden or expense'")).

Thus, to balance Strike 3's need for discovery against Doe's right to be free of potentially

coercive litigation practices and undue embarrassment, the Court will issue a protective order.

This protective order prohibits Strike 3 from initiating any settlement discussions without leave

of Court.  It also alleviates any unnecessary burden on Comcast Cable Communications, LLC,

by giving Comcast ample time to identify and serve Doe, and it allows Comcast to seek the costs

of compliance from Strike 3.  To protect Doe from the potential for undue embarrassment and

reputational harm that may arise from misidentification, the protective order allows Doe to

litigate this action anonymously for now.

## CONCLUSION

Strike 3's motion is **GRANTED** subject to the protective conditions set forth below.

Failure to comply with any of the conditions may result in, among other things, an award of

sanctions.

1.      Defendant may proceed anonymously as "John Doe" in this case unless the Court

orders otherwise.

2.      Strike 3 shall not initiate settlement discussions or attempt to contact Doe before

service of the Complaint, unless Strike 3 obtains leave of Court.  But if Doe initiates settlement

discussions, Strike 3 is permitted to participate and settle the case.

3.      Strike 3 may immediately serve a subpoena in compliance with Federal Rule of Civil Procedure 45 on Comcast to obtain only the name and address of the Internet subscriber associated with the IP address 73.2.207.96.   Strike 3 may not seek or obtain the subscriber's phone number or email address, or seek to obtain information about potential defendants other than the subscriber who is associated with that IP address, unless the Court orders otherwise. Strike 3 must attach a copy of this order to the subpoena, along with the attached "Notice to Defendant."

4.      Comcast will have **sixty days** from the date of service of the Rule 45 subpoena to ascertain the name and address of the subscriber associated with the IP address 73.2.207.96 and to serve that subscriber with a copy of (1) the subpoena, (2) the "Notice to Defendant," and (3) this Order.  Comcast may serve the subscriber associated with the IP address 73.2.207.96 by written notice sent to the subscriber's last known address by first class mail or overnight service. The papers must be enclosed in an envelope in the same order as listed above.  Service shall be deemed complete three days after mailing.

5.      Comcast must file proof of service within ten days of mailing the documents to the subscriber associated with the IP address 73.2.207.96.  Comcast shall redact the name and address of the subscriber associated with the IP address 73.2.207.96 from the proof of service filed on the public docket.  The unredacted copy of such proof of service shall be filed ex parte under seal with access only to Comcast and the Court.

6.      Doe shall have **sixty days** from service of the subpoena, this order, and the "Notice to Defendant" to file any motions contesting the subpoena, including a motion to quash or modify the subpoena.

5

7.      Comcast shall not turn over the subscriber's identifying information to Strike 3 before the end of the sixty-day objection period after service.  If Doe or Comcast files a motion to quash or modify the subpoena, Comcast shall not turn over any information to Strike 3 until the Court resolves the motion.  Comcast shall preserve any subpoenaed information pending the resolution of any timely objections to the subpoena.

8.      If neither Doe nor Comcast challenges the subpoena within the sixty-day period, Comcast will have ten days to produce information responsive to the subpoena to Strike 3's counsel for "Attorneys' Eyes Only" review.  Comcast must provide a written statement to Strike 3's counsel confirming compliance with this order, which Strike 3's counsel must then file under seal with the Court.  Any information produced by Comcast will be limited to review on an "Attorneys' Eyes Only" basis and shall not be disclosed to Strike 3, its employees, or agents.

9.      Should Doe appear in this action by contacting Strike 3's counsel, filing a response to the complaint, or otherwise, Strike 3 may submit a letter request to change the designation of information produced by Comcast from "Attorneys' Eyes Only" to "Confidential."  Any information disclosed to Strike 3 in response to the subpoena under this order may only be used for the purpose of protecting Strike 3's rights as set forth in its Complaint and only for this action, and no other purpose, including but not limited to future litigation against the same Defendant, unless otherwise ordered by the Court.

10.     If Doe moves to quash the subpoena or to proceed anonymously, Doe must also notify Comcast at the same time that he files his motion so that Comcast is on notice not to release any of Doe's information to Strike 3 until the Court rules on the motion.

11.     Comcast may elect to charge Strike 3 for the costs of production.  If it chooses to charge Strike 3, it must confer with Strike 3 and provide a billing summary and cost report.  But Comcast shall not assess any charge before providing the information requested in the subpoena.

12.     Strike 3's time to serve Doe under Federal Rule of Civil Procedure 4(m) is extended to thirty days after the expiration of the period within which Doe or Comcast may move to quash or modify the subpoena or, if they do so, until thirty days following the denial of any such motion.

**IT IS SO ORDERED,** this 24th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02069-SHL-tmp |
| JOHN DOE, subscriber assigned | ) | |
| IP Address 73.2.207.96, | ) | |
| | ) | |
|     Defendant. | ) | |

**NOTICE TO DEFENDANT**

1.      You are the defendant in the above-captioned case, Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP Address 73.2.207.96, Case No. 2:26-cv-02069-SHL-tmp, a case pending in the United States District Court for the Western District of Tennessee.

2.      Attached is the seven-page Order of Judge Sheryl H. Lipman, United States District Judge, dated April 24, 2026, which sets forth certain deadlines and procedures related to this case.  Together with this Notice, but not including the Subpoena, there should be ten pages.

3.      You may hire a lawyer to represent you in this case or you may proceed "pro se" (that is, you may represent yourself without the help of a lawyer).  If you choose to represent yourself, you may request information about the case from the Clerk's Office of the United States District Court for the Western District of Tennessee, Western Divisional Office, 167 N. Main Street, Memphis, TN 38103, which may be reached at 901-495-1200.

4.      Plaintiff in this case, Strike 3 Holdings, LLC, has filed a court action against you claiming that you illegally downloaded and distributed adult movies via your Comcast internet connection.

8

5.      Plaintiff may not know your actual name or address, but it does claim to know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6.      Plaintiff has served subpoena(s) requesting your identity and contact information from your Internet Service Provider ("ISP"), Comcast.  If you do not want your ISP to provide this information to Plaintiff and you believe there is a basis for the ISP to withhold the information, you may move to "quash" or "modify" the Subpoena with the Clerk's Office.  If you choose to file a motion, you must do so within sixty days of the date that your ISP served you with the Subpoena and this Notice.

7.      To take action, you should review the Court's Order which is enclosed.  If you move to quash the Subpoena or otherwise move to prevent your name from being turned over to Plaintiff, you may proceed anonymously for now.  Even so, if you are representing yourself, you will have to provide your contact information to the Clerk's Office at the Court.  This information is solely for use by the Court, and the Court will not provide this information to Plaintiff or lawyers for Plaintiff unless it determines there is no basis to withhold it.  The Court requires this information so that it may communicate with you about the status of the case.

8.      If you do not move to quash or modify the Subpoena, you need not act right now. Perhaps Plaintiff will continue this action against you by serving a complaint on you.  At that time, you will need to act in response to the Complaint as provided by federal law and the Federal Rules of Civil Procedure.

9.      Even if you do not move to quash or modify the Subpoena, the Court has ordered that you may still proceed in this case anonymously right now.  This means that the Court and Plaintiff will know your identity and contact information, but your identity will not be made

9

public unless the Court determines there is no basis to withhold it.  To proceed anonymously

without moving to quash or modify the Subpoena, you (or, if represented, your lawyer) should

provide a letter to the Clerk's Office stating that you would like to proceed anonymously in your

case.  This must be done within sixty days of the date that your ISP served you with the

Subpoena and this Notice.  You should identify yourself in your letter by the case number in

which you are a defendant and your IP address.  If you submit this letter, then your identity and

contact information will not be revealed to the public unless the Court says otherwise.

10